IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00128-RLV
(5:00-CR-00046-RLV-2)

| | |
|---|---|
| **BRYON KEITH LATTIMORE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

**I. BACKGROUND**

On March 1, 2002, Petitioner was convicted on one count of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner was sentenced to a term of life imprisonment. (5:00-CR-00046, Doc. No. 149: Judgment in a Criminal Case at 1-2). Petitioner, along with his co-defendants, filed an appeal from their judgments to the United States Court of Appeals for the Fourth Circuit.[1] The Fourth Circuit, in a per curiam opinion, rejected each of Petitioner's arguments and affirmed his criminal judgment in all respects. United States v. Waddell, 62 F. App'x 491 (4th Cir. filed Apr. 11, 2003) (unpublished). (Doc. No. 173).

---

1 In a consolidated appeal, the case was given the name of Theodore Thomas Waddell, the lead defendant named in the indictment.

On August 20, 2012, Petitioner filed a pro se motion under Section 2255 contending that his sentence should be vacated and he should be resentenced without the Court's consideration of prior state drug convictions which the Government noticed pursuant to 21 U.S.C. § 851 for purposes of sentencing enhancement. Petitioner argues that a recent Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), entitles him to relief because the Court has altered the way in which a previous drug conviction may be used to determine a sentencing enhancement.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

2

> governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It does not appear from the record that Petitioner filed a petition for a writ of certiorari with the Supreme Court of the United States. Petitioner's judgment therefore became final for pursposes of Section 2255 review, 90-days following the Fourth Circuit's filing of its opinion affirming his conviction and sentence, or July 2003.

Petitioner asserts that his Section 2255 motion is timely because it was filed within one year of the date the Fourth Circuit filed its en banc opinion in Simmons. Petitioner contends he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

3

Because current Fourth Circuit law precludes relief in this habeas proceeding, the Court finds that Petitioner's motion is untimely, and he is not entitled to equitable tolling because he does not present a meritorious claim for relief.

The decision in Simmons was driven by the Court's interpretation of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which held that the sentencing court must examine the criminal record of the individual defendant presently before the court and not a hypothetical defendant in determining a sentence. In a decision filed the same day as Petitioner's Section 2255 motion was filed by the clerk, the Fourth Circuit filed a decision which examined the impact of the decision in Carachuri and concluded that its holding was not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560-61 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in [Powell]."); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings.").

Also instructive is that in Powell three Circuit judges agreed that there is no right to relief in a Section 2255 proceeding when the sentence is within the maximum as authorized by law. Section 2255 provides as follows:

4

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the **maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S. C. § 2255(a) (emphasis added).

Petitioner's conviction for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846, carried a sentence of not less 10 years and not more than life. See 21 U.S.C. § 841(b); see also 21 U.S.C. § 846 (providing for the same penalties as those prescribed for the offense, which in this case, was a violation of Section 841). While the Government did provide notice under Section 851 of its intention to seek enhanced penalties based on Petitioner's three prior drug convictions, Petitioner was still sentenced within the statutory maximum, with or without consideration of the predicate drug convictions noticed in the Section 851.

In Powell, the petitioner was sentenced to 240-months' imprisonment following the Government's filing of a Section 851 notice. Powell argued that he was entitled to relief in his Section 2255 proceeding because his conviction did not qualify as a felony conviction because he could not have received a term of imprisonment in excess of one year. The Court rejected this argument after finding that despite the presence of the Section 851 notice, Powell still received a sentence within the maximum. Circuit Judge King, writing in dissent, but concurring in the judgment upholding Powell's sentence, noted that Section (b)(1)(A), "under which appellant Powell was sentenced increases the mandatory minimum sentence from ten to twenty years, but retains the maximum sentence of life. All enhanced § 841(b)(A) sentences are therefore within the unenhanced statutory maximum." Powell, 691 F.3d at 562.

Judge King continued,

> As a case in point, Powell received § 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum—as any enhanced subsection (b)(1)(A) sentence would necessarily be.

Id. at 562 n.1.

In the present case, Petitioner's sentence was within the maximum sentence, that is, life imprisonment, and he is therefore not entitled to habeas relief in this Section 2255 proceeding.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 16, 2013

Richard L. Voorhees
United States District Judge